**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF WISCONSIN**
**GREEN BAY DIVISION**

KLC FINANCIAL, INC.,                                          )
                                                             )
                           Plaintiff,                        )
           v.                                                )        Case No.
                                                             )
LONGVANS, INC.; BARKER PROPERTIES. LLC;                      )
ON SITE INVESTORS I, LLC; ON SITE INVESTORS II, )
LLC; MAYFLOWER PARTNERS I, LLC;                              )
MAYFLOWER INVESTORS I, LLC; MAYFLOWER                        )
PARTNERS II, LLC; MAYFLOWER INVESTORS II,                    )
LLC; TP LEASING, LLC; MAIDEN PROPERTIES, LLC; )
LAKE MACDONALD PARTNERS I, LLC; LAKE                         )
MACDONALD PARTNERS II, LLC and                               )
THOMAS LONG,                                                 )
                                                             )
                           Defendants.                       )

## VERIFIED COMPLAINT FOR MONEY DAMAGES, REPLEVIN and TURNOVER

NOW COMES Plaintiff, KLC FINANCIAL, INC., ("KLC"), by and through its counsel, Dressler | Peters, LLC and for its Complaint for Money Damages, Replevin and Turnover against Defendants LONGVANS, INC. ("Longvans"), BARKER PROPERTIES. LLC ("Barker"), ON SITE INVESTORS I, LLC ("On-Site I"), ON SITE INVESTORS II, LLC ("On-Site II"), MAYFLOWER PARTNERS I, LLC ("Mayflower Partners I"), MAYFLOWER INVESTORS I, LLC ("Mayflower Investors I"), MAYFLOWER PARTNERS II, LLC ("Mayflower Partners II"), MAYFLOWER INVESTORS II, LLC ("Mayflower Investors II"), TP LEASING, LLC ("TPL"), MAIDEN PROPERTIES, LLC ("Maiden"), LAKE MACDONALD PARTNERS I, LLC ("Lake I"), LAKE MACDONALD PARTNERS II, LLC ("Lake II") and THOMAS LONG ("Thomas"), states as follows:

1

## THE PARTIES

1.      KLC is a Minnesota corporation with its principal place of business at 3514 County Road 101, Minnetonka, MN 55345.

2.      Longvans is a Wisconsin limited liability company with a principal place of business at N3972 Columbia Ave., Freedom, WI 54130.

3.      Thomas is the Registered Agent, President and sole member of Longvans.

4.       Barker is a Wisconsin limited liability company with a principal place of business at N3955 Columbia Ave., Freedom, WI 54130.

5.      Thomas is the Registered Agent, President and sole member of Barker.

6.      On Site I is a Wisconsin limited liability company with a principal place of business at N3955 Columbia Ave., Freedom, WI 54130.

7.      Thomas is the Registered Agent, President and sole member of On Site I.

8.      On Site II is a Wisconsin limited liability company with a principal place of business at N3955 Columbia Ave., Freedom, WI 54130.

9.      Thomas is the Registered Agent, President and sole member of On Site II.

10.     Mayflower Partners I is a Wisconsin limited liability company with a principal place of business at N3955 Columbia Ave., Freedom, WI 54130.

11.     Thomas is the Registered Agent, President and sole member of Mayflower Partners I.

12.     Mayflower Investors I is a Wisconsin limited liability company with a principal place of business at N3955 Columbia Ave., Freedom, WI 54130.

13.     Thomas is the Registered Agent, President and sole member of Mayflower Investors I.

14.     Mayflower Partners II is an Wisconsin limited liability company with a principal place of business at N3955 Columbia Ave., Freedom, WI 54130

15.     Thomas is the Registered Agent, President and sole member of Mayflower Partners II

16.     Mayflower Investors II is a Wisconsin limited liability company with a principal place of business at N3955 Columbia Ave., Freedom, WI 54130.

17.     Thomas is the Registered Agent, President and sole member of Mayflower Investors II.

18.     TPL is an Wisconsin limited liability company with a principal place of business at N3972 Columbia Ave., Freedom, WI 54130

19.     Thomas is the Registered Agent, President and sole member of TPL.

20.     Maiden is a Wisconsin limited liability company with a principal place of business at N3955 Columbia Ave., Freedom, WI 54130

21.     Thomas is the Registered Agent, President and sole member of Maiden.

22.     Lake I is a Wisconsin limited liability company with a principal place of business at N3972 Columbia Ave., Freedom, WI 54130

23.     Thomas is the Registered Agent, President and sole member of Lake I.

24.     Lake II is a Wisconsin limited liability company with a principal place of business at N3955 Columbia Ave., Freedom, WI 54130

25.     Thomas is the Registered Agent, President and sole member of Lake II.

26.     Thomas is a citizen of the state of Wisconsin who resides at 3518 S. Barker Lane, Appleton, WI 54915.

## JURISDICTION & VENUE

27.     Jurisdiction is appropriate in this Court pursuant to 28 U.S.C. §1332 as the Plaintiff and Defendants are citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

28.     Venue is appropriate in this Court pursuant to 28 U.S.C. §1391(a) by virtue of the fact that a substantial part of the events or omissions giving rise to KLC's claim occurred in this district, a substantial part of the property that is the subject of this action is located within this district and the Defendants reside in this judicial district and are subject to personal jurisdiction in this judicial district.

## COUNT I
## BREACH OF LEASE 2359A

29.     KLC restates and realleges Paragraphs 1 through 28 as though fully set forth herein.

30.     KLC's and Longvans entered into Lease Agreement No. 2359A dated December 27, 2010 ("Lease Agreement 2359A"). A true and correct copy of the original of Lease 2359A is annexed hereto as part of **Group Exhibit 1.**

31.     Pursuant to paragraph 7 of Lease Agreement 2359A, the parties chose Minnesota law to govern Lease Agreement 2359A.

32.     KLC and Longvans entered into the following additional contractual documents in connection with Lease Agreement 2359A:

- Corporate Leasing Resolution, *See* Group Exhibit 1.
- Addendum to Lease 2359A, *See* Group Exhibit 1.
- Notary Signature Verification (of Thomas), *See* Group Exhibit 1.
- Owner or Mortgagee's Consent, *See* Group Exhibit 1.
- Collateral Pledge Agreement (for a $24,000.00 Certificate of Deposit), *See* Group Exhibit 1.

4

- Acknowledgement and Acceptance of Equipment by Lessee, *See* Group Exhibit 1.
- Equipment Lease Guaranty (of Thomas), *See* Group Exhibit 1.
- UCC Financing Statements (Wisconsin filed, nos. 100015206418; 100015207419), *See* Group Exhibit 1.

33.     Pursuant to the terms of Lease Agreement 2359A, Longvans promised to pay KLC sixty (60) consecutive monthly payments in the amount of $4,198.70 plus applicable tax, as well as one (1) advance payment of $25,192.74, plus applicable taxes and fees. *See*, Group Exhibit 1, page 1 of 3 of Lease Agreement 2359A.

34.     KLC has performed all of its obligations under Lease Agreement 2359A. A true and correct copy of the "Acknowledgement and Acceptance of Equipment by Lessee" is annexed hereto as part of Group Exhibit 1.

35.     To induce KLC to enter into Lease Agreement 2359A with Longvans and to secure absolute and unconditional payment and performance of all obligations owed by Longvans to KLC under Lease Agreement 2359A including, but not limited to, all principal, interest, costs, late charges, out of pocket expenses and attorney fees, Thomas executed an Equipment Lease Guaranty. A true and correct copy of this Equipment Lease Guaranty for Lease Agreement 2359A executed by Thomas is annexed hereto as part of Group Exhibit 1.

36.     Pursuant to Lease Agreement 2359A, KLC was at all times the owner and Lessor of the following property as more fully described in Lease Agreement 2359A:

- a 1991 TEC-950L Container Truck SN 21112

(hereinafter, the "2359A Equipment").

37.     KLC is the owner of the 2359A Equipment; alternatively KLC has a perfected first priority security interest in the 2359A Equipment. *See* UCC Financing Statements annexed hereto as part of Group Exhibit 1.

5

38. KLC possesses a security interest in the $24,000.00 Certificate of Deposit pursuant to and referenced by the Collateral Pledge Agreement, *See* Group Exhibit 1.

39. Longvans has defaulted under the terms and conditions of Lease Agreement 2359A due to its failure to make lease payments due under Lease Agreement 2359A for the months of September, October, November and December, 2013 each in the amount of $4,198.79; plus sales tax each in the amount of $209.94; plus transaction fees each in the amount of $16.45; plus late charges and fees as a result of the non-payment in the amount of $4,555.46 for a total amount past due as of December 26, 2013 in the amount of $22,256.18 (the "Lease 2359A Unpaid Past Due Balance").

40. Additionally, KLC has been damaged by Longvans' default for all future lease payments that come due under Lease Agreement 2359A in the amount of $180,466.06 which include the estimated fair market value of the equipment and related sales tax (the "Lease 2359A Unpaid Lease Balance Due").

41. KLC is also entitled to recover interest from the date of default under Lease Agreement 2359A at 18% per annum pursuant to paragraph 19 of Lease Agreement 2359A, as well as its reasonable attorney fees pursuant to paragraph 18 and 24 thereof. See Group Exhibit 1, page 3 of 3 of Lease Agreement 2359A.

42. Despite KLC's demand, Longvans and Thomas have failed, neglected and refused to pay KLC all amounts due or payable under Lease Agreement 2359A and consequently KLC has been damaged in the amount of the Lease 2359A Unpaid Past Due Balance plus the Lease 2359A Unpaid Lease Balance Due, plus its attorney's fees and costs.

6

## COUNT II
## BREACH OF MASTER LEASE 2626A SCHEDULE 001

43.    KLC restates and realleges Paragraphs 1 through 42 as though fully set forth herein.

44.    KLC and Longvans and co-lessees Barker, On-Site I, On-Site II, Mayflower Partners I, Mayflower Investors I, Mayflower Partners II, Mayflower Investors II, TPL, Maiden, Lake I, Lake II (collectively referred to hereinafter from time to time as the "Co-Lessees") entered into a Master Equipment Lease Agreement No. 2626A dated September 17, 2010 ("Master Lease 2626A"). A true and correct copy of the original of Master Lease 2626A is annexed hereto as part of **Group Exhibit 2.**

45.    Pursuant to paragraph 34 Lease 2626A, the parties chose Minnesota law to govern Master Lease 2626A.

46.    KLC, Longvans and Co-Lessees entered into the following additional contractual documents in connection with Master Lease 2626A:

- Lease Schedule No. 001 to Master Lease 2626A, *See* Group Exhibit 2.
- Exhibit "A" to Lease Schedule 001, *See* Group Exhibit 2.
- Addendum Additional Lessee of Barker, *See* Group Exhibit 2.
- Addendum Additional Lessee of On Site I, *See* Group Exhibit 2.
- Addendum Additional Lessee of On Site II, *See* Group Exhibit 2.
- Addendum Additional Lessee of Mayflower Partners I, *See* Group Exhibit 2.
- Addendum Additional Lessee of Mayflower Investors I, *See* Group Exhibit 2.
- Addendum Additional Lessee of Mayflower Partners II, *See* Group Exhibit 2.
- Addendum Additional Lessee of Mayflower Investors II, *See* Group Exhibit 2.
- Addendum Additional Lessee of TPL, *See* Group Exhibit 2.
- Addendum Additional Lessee of Maiden, *See* Group Exhibit 2.
- Addendum Additional Lessee of Lake MacDonald I, *See* Group Exhibit 2.
- Addendum Additional Lessee of Lake MacDonald II, *See* Group Exhibit 2.
- Acknowledgement and Acceptance of Equipment by Lessee, *See* Group Exhibit 2.
- Equipment Lease Guaranty (of Thomas), *See* Group Exhibit 2.

- Limited Liability Company Members Resolution Authorizing Equipment Lease Agreement, for each of Longvan's Co-Lessees, *See* Group Exhibit 2.
- End of Lease Purchase, *See* Group Exhibit 3.
- UCC Financing Statement (Wisconsin filed, no. 120013088626), *See* Group Exhibit 2.
- Wisconsin Confirmation(s) of Ownership, *See* Group Exhibit 2.
- Collateral Pledge Agreement for a $21,704.10 Certificate of Deposit, *See* Group Exhibit 2.
- Notary Signature Verification of Thomas, *See* Group Exhibit 2.

47.     Pursuant to the terms of Lease Schedule 001 to Master Lease 2626A ("Schedule 001") dated September 17, 2012, Longvans and Co-Lessees promised to pay KLC sixty (60) consecutive monthly payments in the amount of $4,249.00, plus applicable tax, as well as one (1) advance payment of $8,498.74. *See* Schedule 001, part of Group Exhibit 2.

48.     KLC has performed all of its obligations under Schedule 001. A true and correct copy of the "Acknowledgement and Acceptance of Equipment by Lessee" for Schedule 001 is annexed hereto as part of Group Exhibit 2.

49.     To induce KLC to enter into Master Lease 2626A with Longvans and Co-Lessees and to secure absolute and unconditional payment and performance of all obligations owed by Longvans and Co-lessees to KLC under Lease Agreement 2626A, and all of its subsequent schedules such as Schedule 001, including but not limited to, all principal, interest, costs, late charges, out of pocket expenses and attorney fees, Thomas executed an Equipment Lease Guaranty. A true and correct copy of this Equipment Lease Guaranty for Master Lease 2626A executed by Thomas (the "Thomas Guaranty") is annexed hereto as part of Group Exhibit 2.

50.     Pursuant to Schedule 001 to Master Lease 2626A, KLC leased the following property to Longvans and the Co-Lessees:

- 2009 COL DS Freightliner, VIN 1FUJA6CK39LAC0926
- 2009 COL DS Freightliner, VIN 1FUJA6CKX9DAC0951

8

- 2009 COL DS Freightliner, VIN 1FUJA6CK09DAC0974

(hereinafter, the "Schedule 001 Equipment").

51.  KLC is the owner of the Schedule 001 Equipment and KLC has a perfected first priority security interest in the Schedule 001 Equipment. *See* the three Wisconsin Confirmation(s) of Ownership annexed hereto as part of **Group Exhibit 2**; and the UCC Financing Statements annexed hereto as part of Group Exhibit 2.

52.  KLC possesses a security interest in the $21,704.10 Certificate of Deposit pursuant to and referenced by the Collateral Pledge Agreement. *See* Group Exhibit 2.

53.  Longvans, Co-Lessees and Thomas have defaulted under the terms and conditions of Schedule 001 to Master Lease 2626A due to their failure to make lease payments due under Schedule 001 to Master Lease 2626A for the months of October, November and December, 2013 each in the amount of $4,249.00; plus sales tax each in the amount of $212.45; plus transaction fees each in the amount of $16.45; plus late charges, interest and fees as a result of the non-payment in the amount of $4,365.36 for a total amount past due as of December 26, 2013 in the amount of $17,799.06 (the "Schedule 001 to Master Lease 2626A Unpaid Past Due Balance").

54.  Additionally, KLC has been damaged by Longvans' default for all future lease payments that come due under Schedule 001 to Master Lease 2626A in the amount of $218,561.05; plus the fair market value of the Schedule 001 Equipment and associated sales tax (the "Schedule 001 to Master Lease 2626A Unpaid Lease Balance Due").

55.  KLC is also entitled to recover interest from the date of default under Schedule 001 at 18% per annum pursuant to paragraph 18 of Master Lease 2626A, as well as its reasonable attorney fees pursuant to paragraph 16 and 24 thereof.  See Group Exhibit 2, pages 3 and 4 (of 5) of Master Lease 2626A.

9

56.     Despite KLC's demands, Longvans, Co-Lessees and Thomas have failed, neglected and refused to pay KLC all amounts due or payable under Schedule 001 and, as a consequence, KLC has been damaged in the amount of the Schedule 001 to Master Lease 2626A Unpaid Past Due Balance and the Schedule 001 to Master Lease 2626A Unpaid Lease Balance Due, plus its attorney's fees and costs.

## COUNT III
### BREACH OF MASTER LEASE 2626A SCHEDULE 002

57.     KLC restates and realleges Paragraphs 1 through 56 as though fully set forth herein.

58.     Pursuant to the terms of Lease Schedule 002 to Master Lease 2626A dated December 21, 2012 ("Schedule 002") Longvans and Co-Lessees promised to pay KLC sixty-one (61) consecutive monthly payments in the amount of $4,249.00, plus applicable tax, as well as one (1) advance payment of $10,426.45 and one balloon payment of $143,122.20. *See* Schedule 002, part of **Group Exhibit 3**, annexed hereto.

59.     In addition to and as part of Master Lease 2626A and the additional contractual documents in connection with Master Lease 2626A, KLC, Longvans and Co-Lessees also entered into the following additional contractual documents in connection with Schedule 002:

- Lease Schedule No. 002 for Master Lease 2626A, *See* Group Exhibit 3.
- Exhibit "A" to Lease Schedule 002 dated 12-21-12, *See* Group Exhibit 3.
- Exhibit "A" to Lease Schedule 002 dated 1-14-13, *See* Group Exhibit 3.
- Acknowledgement and Acceptance of Equipment by Lessee, *See* Group Exhibit 3.
- Addendum to Master Lease 2626A, *See* Group Exhibit 3.
- UCC Financing Statement (Wisconsin filed, no. 120016301819, *See* Group Exhibit 3.
- UCC Financing Statement (Outagamie County filed, no. 1976178), *See* Group Exhibit 3.
- Wisconsin Confirmation(s) of Ownership, *See* Group Exhibit 2.

10

- Collateral Pledge Agreement for a $100,000.00 Certificate of Deposit, *See* Group Exhibit 3.

60. KLC has performed all of its obligations under Schedule 002. A true and correct copy of the "Acknowledgement and Acceptance of Equipment by Lessee" for Schedule 002 is annexed hereto as part of Group Exhibit 3.

61. To induce KLC to enter into Master Lease 2626A with Longvans and Co-Lessees and to secure absolute and unconditional payment and performance of all obligations owed by Longvans and Co-Lessees to KLC under Lease Agreement 2626A, and all of its subsequent schedules such as Schedule 002 including, but not limited to, all principal, interest, costs, late charges, out of pocket expenses and attorney fees, Thomas executed the Thomas Guaranty. *See* the Thomas Guaranty, part of Group Exhibit 1.

62. Pursuant to Schedule 002 to Master Lease 2626A, KLC leased the following property to Longvans and the Co-Lessees as more fully described in Schedule 002:

- The property described on Exhibit "A" to Lease Schedule 002 dated 12-21-12 and Exhibit A Revised dated 1-14-13. *See* Group Exhibit 3, which is expressly incorporated by reference hereto; and,

 (hereinafter, the "Schedule 002 Equipment").

63. KLC is the owner of the Schedule 002 Equipment; and KLC has a perfected first priority security interest in the Schedule 002 Equipment. *See* the UCC Financing Statement(s) annexed hereto as part of **Group Exhibit 3**.

64. KLC possesses a security interest in the $100,000.00 Certificate of Deposit pursuant to and referenced by the Collateral Pledge Agreement, *See* Group Exhibit 3.

65. Longvans, Co-lessees and Thomas have defaulted under the terms and conditions of Schedule 002 to Master Lease 2626A due to their failure to make lease payments due under

11

Schedule 002 to Master Lease 2626A for the months of September, October, November and December, 2013 each in the amount of $10,426.55; plus sales tax each in the amount of $521.32; plus transaction fees each in the amount of $16.45; plus late charges, interest and fees as a result of the non-payment in the amount of $10,743.12; for a total amount past due as of December 26, 2013 in the amount of $54,600.40 (the "Schedule 02 to Master Lease 2626A Unpaid Past Due Balance").

66.    Additionally, KLC has been damaged by Longvans' default for all future lease payments that come due under Schedule 002 to Master Lease 2626A in the amount of $741,458.03 plus the fair market value of the Schedule 002 Equipment and associated sales tax (the "Schedule 002 to Master Lease 2626A Unpaid Lease Balance Due").

67.    KLC is also entitled to recover interest from the date of default under Schedule 002 at 18% per annum pursuant to paragraph 18 of Master Lease 2626A, as well as its reasonable attorney fees pursuant to paragraph 16 and 24 thereof.  See Group Exhibit 2, pages 3 and 4 (of 5) of Master Lease 2626A.

68.    Despite KLC's demands, Longvans, Co-Lessees and Thomas have failed, neglected and refused to pay KLC all amounts due or payable under Schedule 002, and as a consequence, KLC has been damaged in the amount of the Schedule 002 to Master Lease 2626A Unpaid Past Due Balance and the Schedule 002 to Master Lease 2626A Unpaid Lease Balance Due, plus its attorney's fees and costs.

## COUNT IV
## BREACH OF MASTER LEASE 2626A SCHEDULE 003

69.    KLC restates and realleges paragraphs 1 through 68 as though fully set forth herein.

70.    Pursuant to the terms of Lease Schedule 003 to Master Lease 2626A dated December 21, 2012 ("Schedule 003") Longvans and Co-Lessees promised to pay KLC thirty-six

(36) consecutive monthly payments in the amount of $2,740.72, plus applicable tax, as well as one (1) advance payment of $2,740.72 and one balloon payment of $20,879.72. *See* Schedule 003, part of **Group Exhibit 4,** annexed hereto.

71.   In addition to and as part of Master Lease 2626A and the additional contractual documents in connection with Master Lease 2626A, KLC, Longvans and Co-Lessees also entered into the following additional contractual documents in connection with Schedule 003:

- Lease Schedule  No. 003 to Master Lease 2626A, *See* Group Exhibit 4.
- Exhibit "A" to Lease Schedule 003 dated 12-21-12, *See* Group Exhibit 4.
- Acknowledgement and Acceptance of Equipment by Lessee, *See* Group Exhibit 4.
- Addendum to Master Lease 2626A, Schedule #, *See* Group Exhibit 4.
- UCC Financing Statement (Wisconsin filed, no. 120016305419), *See* Group Exhibit 4.
- UCC Financing Statement (Outagamie County filed, no. 1976179), *See* Group Exhibit 4.

72.   KLC has performed all of its obligations under Schedule 003. A true and correct copy of the "Acknowledgement and Acceptance of Equipment by Lessee" for Schedule 003 is annexed hereto as part of Group Exhibit 4.

73.   To induce KLC to enter into Master Lease 2626A with Longvans and Co-Lessees and to secure absolute and unconditional payment and performance of all obligations owed by Longvans and Co-Lessees to KLC under Lease Agreement 2626A, and all of its subsequent schedules such as Schedule 003 including, but not limited to, all principal, interest, costs, late charges, out of pocket expenses and attorney fees, Thomas executed the Thomas Guaranty. *See* the Thomas Guaranty, part of Group Exhibit 1.

74.   Pursuant to Schedule 003 to Master Lease 2626A, KLC leased the following property to Longvans and the Longvans and the Co-Lessees:

- The property described on Exhibit "A" to Lease Schedule 003 dated 12-21-12, *See* Group Exhibit 4, which is expressly incorporated by reference hereto.

13

(hereinafter, the "Schedule 003 Equipment").

75. KLC is the owner of the Schedule 003 Equipment and KLC has a perfected first priority security interest in the Schedule 003 Equipment. *See* the UCC Financing Statement(s) annexed hereto as part of Group Exhibit 4.

76. Longvans, Co-lessees and Thomas have defaulted under the terms and conditions of Schedule 003 to Master Lease 2626A due to their failure to make lease payments due under Schedule 003 to Master Lease 2626A for the months of September, October, November and December, 2013 each in the amount of $2,740.72; plus sales tax each in the amount of $137.04; plus transaction fees each in the amount of $16.45; plus late charges, interest and fees as a result of the non-payment in the amount of $3,095.08; for a total amount past due as of December 26, 2013 in the amount of $14,671.92 (the "Schedule 03 to Master Lease 2626A Unpaid Past Due Balance").

77. Additionally, KLC has been damaged by Longvans' default for all future lease payments that come due under Schedule 003 to Master Lease 2626A in the amount of $102,566.82 plus the fair market value of the Schedule 002 Equipment and associated sales tax (the "Schedule 003 to Master Lease 2626A Unpaid Lease Balance Due").

78. KLC is also entitled to recover interest from the date of default under Schedule 003 at 18% per annum pursuant to paragraph 18 of Master Lease 2626A, as well as its reasonable attorney fees pursuant to paragraph 16 and 24 thereof. See Group Exhibit 2, pages 3 and 4 (of 5) of Master Lease 2626A.

79. Despite KLC's demands, Longvans, Co-Lessees and Thomas have failed, neglected and refused to pay KLC all amounts due or payable under Schedule 003 and, as a consequence, KLC has been damaged in the amount of the Schedule 003 to Master Lease 2626A

Unpaid Past Due Balance and Schedule 003 to Master Lease 2626A Unpaid Lease Balance Due, plus its attorney's fees and costs.

<strong>COUNT V<br/>BREACH OF MASTER LEASE 2626A SCHEDULE 004</strong>

80.  KLC restates and realleges paragraphs 1 through 79 as though fully set forth herein.

81.  Pursuant to the terms of Lease Schedule-Revised 004 to Master Lease 2626A dated January 15, 2013 ("Revised Schedule 004") Longvans and Co-Lessees promised to pay KLC thirty-five (35) consecutive monthly payments in the amount of $3,128.87, plus applicable tax, as well as one (1) advance payment of $3,128.87 and one balloon payment of $26,250.05. *See* Revised Schedule 004, part of **Group Exhibit 5,** annexed hereto.

82.  In addition to and as part of Master Lease 2626A and the additional contractual documents in connection with Master Lease 2626A, KLC, Longvans and Co-Lessees also entered into the following additional contractual documents in connection with Revised Schedule 004:

- Lease Schedule - Revised No. 004 to Master Lease 2626A, *See* Group Exhibit 5.
- Exhibit "A" to Lease Schedule 004 dated 12/27/12, *See* Group Exhibit 5.
- Acknowledgement and Acceptance of Equipment by Lessee, *See* Group Exhibit 5.
- Addendum to Master Lease 2626A, Schedule #004, *See* Group Exhibit 5.
- UCC Financing Statement (Wisconsin filed, no. 120016362018), *See* Group Exhibit 5.
- UCC Financing Statement (Outagamie County filed, no. 1976180), *See* Group Exhibit 5.

83.  KLC has performed all of its obligations under Schedule 004. A true and correct copy of the "Acknowledgement and Acceptance of Equipment by Lessee" for Master Lease 2626A is annexed hereto as part of Group Exhibit 5.

84.  To induce KLC to enter into Master Lease 2626A with Longvans and Co-Lessees and to secure absolute and unconditional payment and performance of all obligations owed by

15

Longvans and Co-Lessees to KLC under Lease Agreement 2626A, and all of its subsequent schedules such as Schedule 004 including, but not limited to, all principal, interest, costs, late charges, out of pocket expenses and attorney fees, Thomas executed the Thomas Guaranty. *See* the Thomas Guaranty, part of Group Exhibit 1.

85.     Pursuant to Schedule 004 to Master Lease 2626A, KLC leased the following property to Longvans and the Co-Lessees:

- The property described on Exhibit "A" to Lease Schedule 004 dated 12/27/12, *See* Group Exhibit 5, which is expressly incorporated by reference hereto.

(hereinafter, the "Schedule 004 Equipment").

86.     KLC is the owner of the Schedule 004 Equipment and KLC has a perfected first priority security interest in the Schedule 004 Equipment. *See* the UCC Financing Statement(s) annexed hereto as part of Group Exhibit 5.

87.     Longvans, Co-lessees and Thomas have defaulted under the terms and conditions of Schedule 004 to Master Lease 2626A due to their failure to make lease payments due under Schedule 004 to Master Lease 2626A for the months of September, October, November and December, 2013 each in the amount of $3,128.87; plus sales tax each in the amount of $156.44; plus transaction fees each in the amount of $16.45; plus late charges, interest and fees as a result of the non-payment in the amount of $3,483.84; for a total amount past due as of December 26, 2013 in the amount of $16,690.88 (the "Schedule 04 to Master Lease 2626A Unpaid Past Due Balance").

88.     Additionally, KLC has been damaged by Longvans' default for all future lease payments that come due under Schedule 004 to Master Lease 2626A in the amount of $119,511.83 plus the fair market value of the Schedule 004 Equipment and associated sales tax (the "Schedule 004 to Master Lease 2626A Unpaid Lease Balance Due").

16

89.     KLC is also entitled to recover interest from the date of default under Schedule 004 at 18% per annum pursuant to paragraph 18 of Master Lease 2626A, as well as its reasonable attorney fees pursuant to paragraph 16 and 24 thereof.  See Group Exhibit 2, pages 3 and 4 (of 5) of Master Lease 2626A.

90.     Despite KLC's demands, Longvans, Co-Lessees and Thomas have failed, neglected and refused to pay KLC all amounts due or payable under Schedule 004, and as a consequence, KLC has been damaged in the amount of the Schedule 004 to Master Lease 2626A Unpaid Past Due Balance and the Schedule 004 to Master Lease 2626A Unpaid Lease Balance Due, plus its attorney's fees and costs.

## COUNT VI
## BREACH OF MASTER LEASE 2626A SCHEDULE 005

91.     KLC restates and realleges paragraphs 1 through 90 as though fully set forth herein.

92.     Pursuant to the terms of Lease Schedule 005 to Master Lease 2626A dated January 15, 2013 ("Revised Schedule 005") Longvans and Co-Lessees promised to pay KLC forty-two (42) consecutive monthly payments in the amount of $9,687.02, plus applicable tax, as well as one (1) advance payment of $9,687.02 and one balloon payment of $11,500.00. *See* Schedule 005, part of **Group Exhibit 6,** annexed hereto.

93.     In addition to and as part of Master Lease 2626A and the additional contractual documents in connection with Master Lease 2626A, KLC, Longvans and Co-Lessees also entered into the following additional contractual documents in connection with Schedule 005:

- Lease Schedule No. 005 to Master Lease 2626A, *See* Group Exhibit 6.
- Exhibit "A" to Lease Schedule 005 dated 03/21/13, *See* Group Exhibit 6.
- Acknowledgement and Acceptance of Equipment by Lessee, *See* Group Exhibit 6.
- Addendum to Master Lease 2626A, Schedule #005, *See* Group Exhibit 6.
- UCC Financing Statement (Wisconsin filed, no. 130002223514), *See* Group Exhibit 6.

17

- UCC Financing Statement (Outagamie County) *See* Group Exhibit 6.
- Collateral Pledge Agreement for a $110,000.00 Certificate of Deposit, *See* Group Exhibit 6.
- UCC Amendment 130015451218 to UCC Financing Statement 120016362018.

94.     KLC has performed all of its obligations under Schedule 005. A true and correct copy of the "Acknowledgement and Acceptance of Equipment by Lessee" for Master Lease 2626A is annexed hereto as part of Group Exhibit 6.

95.     To induce KLC to enter into Master Lease 2626A with Longvans and Co-Lessees and to secure absolute and unconditional payment and performance of all obligations owed by Longvans and Co-Lessees to KLC under Lease Agreement 2626A, and all of its subsequent schedules such as Schedule 005 including, but not limited to, all principal, interest, costs, late charges, out of pocket expenses and attorney fees, Thomas executed the Thomas Guaranty. *See* the Thomas Guaranty, part of Group Exhibit 1.

96.     Pursuant to Schedule 005 to Master Lease 2626A, KLC leased the following property to Longvans and the Co-Lessees:

- The property described on Exhibit "A" to Lease Schedule 005 dated 3/21/13, *See* Group Exhibit 6, which is expressly incorporated by reference hereto.

(hereinafter, the "Schedule 005 Equipment").

97.     KLC is the owner of the Schedule 005 Equipment and KLC has a perfected first priority security interest in the Schedule 005 Equipment. *See* the UCC Financing Statement(s) annexed hereto as part of Group Exhibit 6.

98.     KLC possesses a security interest in the $110,000.00 Certificate of Deposit pursuant to and referenced by the Collateral Pledge Agreement, *See* Group Exhibit 6.

99.     Longvans, Co-lessees and Thomas have defaulted under the terms and conditions of Schedule 005 to Master Lease 2626A due to their failure to make lease payments due under

18

Schedule 005 to Master Lease 2626A for the months of October, November and December, 2013 each in the amount of $9,687.02; plus sales tax each in the amount of $484.35; plus transaction fees each in the amount of $16.45; plus late charge, interest and fees as a result of the non-payment in the amount of $6,676.24; for a total amount past due as of December 26, 2013 in the amount of $37,239.70 (the "Schedule 05 to Master Lease 2626A Unpaid Past Due Balance").

100. Additionally, KLC has been damaged by Longvan's default for all future lease payments that come due under Schedule 005 to Master Lease 2626A in the amount of $390,036.75 plus the fair market value of the Schedule 005 Equipment and associated sales tax (the "Schedule 005 to Master Lease 2626A Unpaid Lease Balance Due").

101. KLC is also entitled to recover interest from the date of Longvan's default under Schedule 005 at 18% per annum pursuant to paragraph 18 of Master Lease 2626A, as well as its reasonable attorney fees pursuant to paragraph 16 and 24 thereof. See Group Exhibit 2, pages 3 and 4 (of 5) of Master Lease 2626A.

102. Despite KLC's demands, Longvans, Co-Lessees and Thomas have failed, neglected and refused to pay KLC all amounts due or payable under Schedule 005, and as a consequence, KLC has been damaged in the amount of the Schedule 005 to Master Lease 2626A Unpaid Past Due Balance and the Schedule 005 to Master Lease 2626A Unpaid Lease Balance Due, plus its attorney's fees and costs.

## COUNT VII
## BREACH OF EQUIPMENT GUARANTY AGAINST THOMAS

103. KLC repeats and realleges Paragraphs 1 through 102 as though fully set forth herein.

104. Thomas personally and unconditionally guaranteed all of the other Defendants' payment and performance obligations under Lease 2359A and Master Lease 2626A, including

19

the payment of all late charges, contractual interest and expenses of enforcement, including attorney fees and costs. *See* Equipment Lease Guaranty, Group Exhibits 1 and 2.

105.     KLC extended credit and financial accommodations to Longvans and the Co-Lessees under Lease 2359A and Master Lease 2626A, thereby KLC fully performed its obligations under the guaranties of Thomas.

106.     Thomas is indebted to KLC in the same amount as Longvans and the other Defendants under Lease 2359A and Master Lease 2626A are indebted to KLC.

107.     KLC made demand upon Thomas for payment of the amounts due and owing under Lease 2359A and Master Lease 2626A, however, Thomas has failed and/or refused to make any payments to KLC.

## PRAYER AS TO COUNTS I - VII

WHEREFORE, KLC FINANCIAL, INC., prays for a money judgment in its favor and against Defendants LONGVANS, INC., BARKER PROPERTIES. LLC, ON SITE INVESTORS I, LLC, ON SITE INVESTORS II, LLC, MAYFLOWER PARTNERS I, LLC, MAYFLOWER INVESTORS I, LLC, MAYFLOWER PARTNERS II, LLC, MAYFLOWER INVESTORS II, LLC, TP LEASING, LLC, MAIDEN PROPERTIES, LLC, LAKE MACDONALD PARTNERS I, LLC, LAKE MACDONALD PARTNERS II, LLC, and THOMAS LONG, jointly, severally and individually in the amounts as follows:

(i) in the amount of $ 202,722.24 under Lease Agreement 2359A as appropriately discounted under the terms of Lease Agreement 2359A, plus the fair market value of the 2359A Equipment and any associated taxes, plus contractual prejudgment interest, attorney fees and costs; and

(ii) in the amount of $236,360.11 under Schedule 001 to Master Lease 2626A as appropriately discounted under the terms of Master Lease 26262A , plus the fair market value of the Schedule 001 Equipment and any associated taxes, plus contractual prejudgment interest, attorney fees and costs; and

(iii) in the amount of $796,058.43 under Schedule 002 to Master Lease 2626A as appropriately discounted under the terms of the Master Lease 2626A, plus the fair market value of the Schedule 002 Equipment and any associated taxes, plus contractual prejudgment interest, attorney fees and costs; and

(iv) in the amount of $117,238.74 under Schedule 003 to Master Lease  2626A, as appropriately discounted under the terms of the Master Lease 2626A, plus the fair market value of the Schedule 003 Equipment and any associated taxes, plus contractual prejudgment interest, attorney fees and costs; and

(v) in the amount of $136,202.71 under Schedule 004 to Master Lease  2626A, as appropriately discounted under the terms of the Master Lease 2626A, plus the fair market value of the Schedule 004 Equipment, and any associated taxes, plus contractual prejudgment interest, attorney fees and costs; and

(vi) in the amount of $427,276.45 under Schedule 005 to Master Lease  2626A, as appropriately discounted under the terms of the Master Lease 2626A, plus the fair market value of the Schedule 005 Equipment, and any associated taxes, plus contractual prejudgment interest, attorney fees and costs; and

(vii) such other and further relief as may be deemed just.

**COUNT VIII**
**REPLEVIN AND TURNOVER**
**OF THE EQUIPMENT AND ADDITIONAL COLLATERAL**

108. KLC repeats and realleges Paragraphs 1 through 107 as though fully set forth herein.

109. KLC possesses and/or possessed a properly perfected first-priority purchase money security interest in the 2359A Equipment, the Schedule 001 Equipment, the Schedule 002 Equipment, the Schedule 003 Equipment, the Schedule 004 Equipment, the Schedule 005 Equipment and the certificates of deposit pledged by Longvans and/or Co-Lessees' and Thomas (the "<u>Defendants</u>") as security for their debt to KLC (taken all together, the "<u>Equipment and Additional Collateral</u>").

110. Pursuant to Defendants' breaches of Lease 2359A and Master Lease 2626A described hereinabove, KLC is therefore entitled to take immediate possession of the Equipment and Additional Collateral and dispose of the same pursuant to Lease 2359A and 2626A and applicable law.

111. The Equipment and Additional Collateral are described in Lease 2359A and Master Lease 2626A and related Schedules.

112. The Equipment and Additional Collateral are being wrongfully detained by the Defendants.

113. The cause of detention of the Equipment and Additional Collateral according to the KLC's best knowledge, information and belief is that Defendants' financial distress has caused them to default under Lease 2359A and 2626A and they are unwilling to surrender the Equipment and Additional Collateral and thereby will cease being able to operate or Defendants have no funds by which to undertake the costs of surrendering the Equipment and Additional Collateral.

114. The Equipment and Additional Collateral has not been taken for a tax, assessment or fine or seized under any execution or attachment against the property of KLC, or that if so seized that it is exempt from the seizure.

115. The total value of the Equipment is estimated to be approximately $125,500.00, assuming it is in good condition subject only to ordinary wear and tear.

116. The Equipment and Additional Collateral is materially declining in value and will continue to do so as time passes.

117. KLC believes that the Equipment and Additional Collateral is located at either of the Debtors' two places of businesses, 3955 and N3972 Columbia Ave., Freedom, WI 54130; or the Equipment and Additional Collateral is in control of the Defendants as it being used with Defendants' permission by Longvans' and/or the Co-Lessees' customers at locations known to Defendants and the Co-Lessees.

118. Pursuant to paragraph 22 of Lease 2359A and 21 of Master Lease 2626A, KLC is authorized and empowered to take possession the Equipment and the Additional Collateral upon Defendants' failure to pay KLC the amounts due and owing thereunder.

119. Pursuant to Lease 2359A and Master Lease 2626A, upon failure to pay KLC the amounts due and owing thereunder, KLC possesses all of the rights and remedies of a Lessor or Secured Party under the Uniform Commercial Code ("UCC").

120. The UCC of Minnesota, Article 2A-523(1)(e) provides that if a lessee wrongfully rejects or revokes acceptance of goods or fails to make a payment when due or repudiates with respect to a part or the whole, then, with respect to any goods involved, and with respect to all of the goods if under an installment lease contract the value of the whole lease contract is substantially impaired, the lessee is in default under the lease contract and the lessor may...(e)

23

dispose of the goods and recover damages or retain the goods and recover damages, or in a proper case recover rent from the lessee.

121. The UCC of Minnesota, Article 9-609(a)(1) and (c) provides that after default, a secured party may take possession of the Equipment; and if so agreed, and in any event after default, a secured party may require the debtor to assemble the Equipment and make it available to the secured party at a place to be designated by the secured party which is reasonably convenient to both parties.

122. KLC has made demand upon Defendants for the return of the Equipment and Additional Collateral, however the Defendants have failed or refused to surrender it.

123. The Equipment and Additional Collateral are not earnings and not exempt from execution.

124. The writ and turnover order requested by KLC by this Count VIII is not sought to hinder, delay or defraud any creditors of Defendants.

125. Based upon the foregoing, there is a substantial likelihood that KLC will prevail on the merits of this complaint.

WHEREFORE, KLC FINANCIAL, INC. prays that this Court:

(i)     issue a turnover order against each of the Defendants directing them to turn possession of the Equipment and Additional Collateral in its or his possession or control, in good condition, less reasonable wear and tear, over to KLC within five (5) days from the date of this Court's Order; plus

(b)     issue a writ of replevin ordering the U.S. Marshall to use all force reasonably necessary to obtain possession of the Equipment and Additional Collateral in the event that the Defendants do not voluntarily turn over the Equipment and Additional Collateral within five (5) days, in good condition, less reasonable wear and tear; plus

(c)     issue an order requiring any third party customers of Longvans or Co-Lessees to pay over any proceeds or rental payments from the use or rental of the Equipment or Additional Collateral to KLC;

(c)     enter judgment in an amount equal to the value of the Equipment and Additional Collateral not delivered to KLC or the such designated officer under the order for replevin entered by this Court;

(d)     awarding KLC its attorney's fees and costs incurred; and

(e)     such other relief as this Court deems just.

Respectfully Submitted,

KLC FINANCIAL, INC.

by: s/ Dennis A. Dressler

One of Its Attorneys

Dennis A. Dressler
David A. Wargula
Dressler | Peters, LLC
111 W. Washington Street
Suite 1900
Chicago, IL 60602
Phone (312) 602-7360
Fax (312) 637-9378
ddressler@dresslerpeters.com
dwargula@dresslerpeters.com